No. 24,025.

MARY F. ROBINSON, as Executrix of the Estate of J. W. ROBINSON, Deceased, *Appellant,* v. A. W. WILSON and C. F. MOSBY, *Appellees.*

SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Set-off and Counterclaim—Judgment Modified.* The findings in the settlement of an account, challenged as without support in the evidence, are upheld except with respect to one item.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed December 9, 1922. Modified and affirmed.

*James M. Meek,* of Kansas City, for the appellant.

*W. W. Hooper,* of Leavenworth, and *E. L. Eaton,* of Bonner Springs, for the appellees.

The opinion of the court was delivered by

MASON, J.: The executrix of J. W. Robinson brought an action against A. W. Wilson and C. F. Mosby on a promissory note for $1,481.30. Liability on the note was not contested, but the defendants relied upon a set-off in favor of Wilson (who was the principal on the note) growing out of a land deal between Wilson and Robinson. Judgment for $133.14 was rendered in favor of the plaintiff, and she appeals.

The undisputed findings show that Wilson and Robinson became jointly interested in the sale of land which had been purchased by Wilson, and a sale of which was made in the interest of both, the controversy arising over a division of the profits and the adjustment of expenses in connection with the transaction. Four findings are contested as not supported by the evidence. One is to the effect that when the joint venture was entered into Robinson agreed to pay Wilson $1,000 for a half interest in the land, but did not do so at that time. Testimony in support of the finding was given orally and by deposition, but the appellant contends it was not sufficient to overcome the fact that on the date of a written contract between Robinson, Wilson and the tenant of the land with reference to its sale Robinson gave Wilson a check for $2,100, which the appellant claims included the $1,000 referred to, asserting that it was not otherwise accounted for. There being positive evidence in favor of the finding and no conclusive proof that the check covered this item the decision of the trial court must stand.

Robinson v. Wilson.

Another finding was to the effect that Wilson, having received $2,500 on their joint account, had paid half of it to Robinson. The appellant contends that the payment of the $1,250 was not supported by the evidence, although a witness deposed that he heard a conversation between Robinson and Wilson about this item and the $1,000 already mentioned, at the conclusion of which, after some figuring, Wilson made a check and gave it with some cash to Robinson; moreover the item appeared upon a statement made up by accountants, apparently at the request of the parties during the life of Robinson, which was not shown, however, to have been seen by him. We regard the evidence as supporting the finding.

Another finding was to the effect that Wilson sold the crops which were growing on the land when he bought it, receiving therefor $702.40, one-half of which belonged to Robinson. The appellant urges that the crops should have been found to be of the value of $1,665.50. Wilson had claimed all of this crop, and to this extent the finding was against him. The appellant suggests that on this account statements by Wilson of its quantity and price, brought out at the trial by the plaintiff, were not of evidential value. These statements, however, give the only definite basis for arriving at the amount of money realized from the crop and appear to have been introduced for that purpose. The only other evidence from which the value might have been arrived at consisted of an estimate of the yield per acre, which the trial court may have found unconvincing. The finding is therefore warranted.

The only other contested item is the allowance to the defendant of $60 for the expenses of three trips to La Cygne to see a tract of land owned by Robinson, Wilson and a third person, who had an agreement that whichever of the three effected a sale should receive a commission. A sale was made by the third person. We discover no evidence of any agreement that the expenses of the defendant's trips were to be borne or shared by the other owners, and this finding will therefore be set aside.

The judgment will be modified by the addition of $60 and affirmed as so modified.